**Robert FRANKLIN, Respondent,**

v.

**Bryna FRANKLIN, Appellant.**

**Nos. 41369, 41382.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 29, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1980.

Application to Transfer Denied
Oct. 15, 1980.

Bryna Franklin, pro se.

Allen J. Bloom, Clayton, for respondent.

REINHARD, Judge.

Husband and wife appeal from portions of the court order wherein the court dissolved their marriage.

On appeal, the wife contends the court erred in finding that the marriage was irretrievably broken and in dissolving the marriage. She contends that the court should have found in her favor on her cross–claim for separate maintenance. She also claims the court erred in the distribution of the marital property, and the amount of allowances of child support and maintenance. Husband contends that the court erred in granting custody of their 13 year old son to the wife; in ordering him to pay her child support; in requiring him to pay maintenance, attorneys' fees and court costs; and in the distribution of marital property.

Husband contends that the court lacked jurisdiction to make any order relating to the custody of the 13 year old child because the court had not complied with the "Uniform Child Custody Jurisdiction Act" in that no notice or opportunity to be heard was given to the child as required under section 452.455, RSMo 1978.

The trial of this case was held on July 31, 1978. Attorneys asked for time to file memoranda. Memoranda were filed on August 28, 1978. The court entered its decree on November 9, 1978.

Section 452.455 became effective on August 13, 1978. It required that "reasonable notice and opportunity to be heard" be given to, among others, "any child twelve years of age or older," before a court could enter a decree in a dissolution proceeding involving the child. Because of the outcry of the bar and others, the portion of 452.455 requiring the giving of notice and opportunity to be heard to children over 12 was removed from the statute at the next session of the legislature by a bill with an emergency clause, effective March 6, 1979. This issue was raised for the first time by the father in a motion for new trial.

There can be no dispute that the court had jurisdiction over the parties and the child at the time the trial began and when the evidence was closed. Section 452.455 which became effective subsequent to the trial did not deprive the court of already acquired jurisdiction to enter its orders as to child custody and support of the child.

We have reviewed the record and the points of error alleged by the parties and conclude that the court's order is supported by substantial evidence and is not against the weight of the evidence. Neither does it erroneously declare nor apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.